**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| CONSOLIDATED TRANSACTION PROCESSING LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>THE PEP BOYS - MANNY MOE & JACK, INC.,<br><br>*Defendant.* | **Civil No. 4:20-cv-00413**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT THE PEP BOYS - MANNY MOE & JACK, INC.'S**
**ANSWER, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant The Pep Boys - Manny Moe & Jack, Inc. ("Pep Boys") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Consolidated Transaction Processing LLC's ("Plaintiff" or "CTP") Complaint for Patent Infringement ("Complaint"). Pep Boys denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## NATURE OF THE ACTION

1. Pep Boys admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 271, et seq., but Pep Boys denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

[1] For avoidance of doubt, Pep Boys denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

**THE PARTIES**

2. Pep Boys is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3. Pep Boys admits that it is a Pennsylvania corporation and that its principal place of business located at 3111 W Allegheny Avenue, Philadelphia, PA 19132-1116. Pep Boys admits that it may be served with process through its registered agent, United States Corporation Company, 251 Little Falls Drive, Wilmington, DE 19808.

4. Pep Boys does not contest whether personal jurisdiction over it properly lies in this judicial district in this case. Pep Boys admits that it conducts business in this judicial district and is incorporated in Delaware. Pep Boys denies it has committed or is committing acts of infringement, denies Plaintiff is entitled to any relief, and further denies any remaining allegations in Paragraph 4 of the Complaint.

5. Pep Boys admits that it conducts business in this District but denies any remaining allegations in Paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

6. Pep Boys admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 271, et seq. Pep Boys denies it has committed or is committing acts of infringement, denies Plaintiff is entitled to any relief, and further denies any remaining allegations in Paragraph 6 of the Complaint.

7. Pep Boys admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. Pep Boys does not contest whether venue over it properly lies in this judicial district in this case. Pep Boys admits that it conducts business in this judicial district and maintains

established places of business at 3021 W Spring Creek Pkwy, Plano, TX 75023 and 928 W Spring Creek Pkwy, Plano, TX 75023. Pep Boys denies it has committed or is committing acts of infringement, denies Plaintiff is entitled to any relief, and further denies any remaining allegations in Paragraph 8 of the Complaint.

9. Pep Boys does not contest whether personal jurisdiction over it properly lies in this judicial district in this case. Pep Boys admits that it conducts business in this judicial district. Pep Boys denies it has committed or is committing acts of infringement, denies Plaintiff is entitled to any relief, and further denies any remaining allegations in Paragraph 9 of the Complaint.

## BACKGROUND

### The [Alleged] Inventions

10. Pep Boys admits that purported copies of U.S. Patent Nos. 8,712,846 (the "'846 Patent") and 8,396,743 (the "'743 Patent") collectively (the "Asserted Patents") are attached to the Complaint as Exhibits 1 and 2, and that the face of the patents indicates that Robert S. Alvin is the named inventor. Pep Boys is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies them.

11. Pep Boys admits that a purported copy of the '846 Patent is attached to the Complaint as Exhibit 1. Pep Boys denies any remaining allegations in Paragraph 11 of the Complaint.

12. Pep Boys admits that a purported copy of the '743 Patent is attached to the Complaint as Exhibit 2. Pep Boys denies any remaining allegations in Paragraph 11 of the Complaint.

13. Pep Boys denies the allegations in Paragraph 13 of the Complaint.

14. Pep Boys denies the allegations in Paragraph 14 of the Complaint.

**[Alleged] Advantage Over the Prior Art**

15. Pep Boys denies the allegations in Paragraph 15 of the Complaint.

16. Pep Boys denies the allegations in Paragraph 16 of the Complaint.

17. Pep Boys denies the allegations in Paragraph 17 of the Complaint.

18. Pep Boys denies the allegations in Paragraph 18 of the Complaint.

19. Pep Boys denies the allegations in Paragraph 19 of the Complaint.

20. Pep Boys denies the allegations in Paragraph 20 of the Complaint.

21. Pep Boys denies the allegations in Paragraph 21 of the Complaint.

22. Pep Boys denies the allegations in Paragraph 22 of the Complaint.

**[Alleged] Technological Innovation**

23. Pep Boys denies the allegations in Paragraph 23 of the Complaint.

24. Pep Boys denies the allegations in Paragraph 24 of the Complaint.

25. Pep Boys denies the allegations in Paragraph 25 of the Complaint.

26. Pep Boys denies the allegations in Paragraph 26 of the Complaint.

27. Pep Boys denies the allegations in Paragraph 27 of the Complaint.

28. Pep Boys denies the allegations in Paragraph 28 of the Complaint.

**COUNT I – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,712,846**

29. Pep Boys incorporates the above paragraphs herein by reference.

30. Pep Boys admits that a purported copy of the ’846 Patent is attached to the Complaint as Exhibit 1, that the face of the patent indicates that it is entitled “Sending Targeted Product Offerings Based on Personal Information,” and that it was issued on April 29, 2014. Pep Boys is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and therefore denies them.

31. Pep Boys is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32. Pep Boys denies the allegations in Paragraph 32 of the Complaint.

33. Pep Boys denies the allegations in Paragraph 33 of the Complaint.

## COUNT II – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,396,743

34. Pep Boys incorporates the above paragraphs herein by reference.

35. Pep Boys admits that a purported copy of the ’743 Patent is attached to the Complaint as Exhibit 2, that the face of the patent indicates that it is entitled “Sending Targeted Product Offerings Based on Personal Information,” and that it was issued on March 12, 2013. Pep Boys is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and therefore denies them.

36. Pep Boys is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

37. Pep Boys denies the allegations in Paragraph 37 of the Complaint.

38. Pep Boys denies the allegations in Paragraph 38 of the Complaint.

## [PLAINTIFF’S] JURY DEMAND

Plaintiff’s Jury Demand does not contain any allegations and therefore does not require a response. To the extent a response is required, Pep Boys denies those allegations.

## [PLAINTIFF’S] PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff’s prayer for relief, Pep Boys denies that Plaintiff is entitled to any judgment against Pep Boys and/or an order granting relief in any of the forms requested in parts A-D.

## AFFIRMATIVE DEFENSES

In addition to answering the Complaint, Pep Boys asserts the following affirmative defenses. Pep Boys reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

Pep Boys has not infringed and does not infringe, either literally or under the doctrine of equivalents, under any theory of infringement including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement) or contributorily and/or by inducement, any valid, enforceable claim of the Asserted Patents.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Pep Boys's actions allegedly infringe the Asserted Patents, Pep Boys is not liable to Plaintiff for the acts alleged to have been performed before Pep Boys received actual notice that it was allegedly infringing the Asserted Patents.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Pep Boys indirectly infringes, either by contributory infringement or inducement of infringement, Pep Boys is not liable to Plaintiff for the acts alleged to have been performed before Pep Boys knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the claims of the Asserted Patents do not claim patent eligible subject matter under 35 U.S.C. § 101.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed or process practiced by Pep Boys performs: (1) "receiving product data for a plurality of products from a plurality of distributors for the products via a communications network," (2) "receiving customer data from a plurality of customers, the customer data comprising location information associated with customers, the location information derived from an IP address associated with one or more of the customers," (3) "generating, at least in part from the customer data, user-specific product offerings from the plurality of products; and," and/or (4) "sending, by a computer, automated messages comprising the user-specific product offerings to the one or more of the customers," wherein the "product data" comprises "product description, quantity available, and price for each of the products for each of the distributors," and/or the "customer data" comprises "IP (Internet Protocol) address, IP host name, customer name, billing address, email address, and purchase patterns," as required by at least claims 1, 3, and 4 of the '846 Patent.

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed or process practiced by Pep Boys performs: (1) "receiving product data for a plurality of products from a plurality of distributors for the products via a communications network," (2) "receiving customer data from a plurality of customers, the customer data comprising location information associated with customers, the customer location information derived from an IP address

associated with the customer," (3) "generating, at least in part from the personal information concerning a customer location, at least one user-specific product offering from the plurality of products; and," and/or (4) "sending, by a computer, automated messages comprising the at least one user-specific product offering to the one or more customers," wherein the "customer data" comprises an "IP (Internet Protocol) address, IP host name, customer name, billing address, email address and purchase patterns," as required by at least claims 1 and 4 of the '743 Patent.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Pep Boys infringes under a theory of joint infringement, Pep Boys is not liable to Plaintiff. Pep Boys does not provide or perform each element of any claim of the Asserted Patents, and any actions of third parties accused by Plaintiff are not attributable to Pep Boys.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any product of, system employed by, or process practiced by Pep Boys.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are barred, in whole or part, by an express or implied license, and/or the equitable doctrines of acquiescence, estoppel, patent misuse, unclean hands, and/or the doctrine of patent exhaustion.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are barred, in whole or part, by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the Asserted Patents before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

## PEPS BOYS'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Consolidated Transaction Processing LLC ("CTP"), Counterclaim Plaintiff Pep Boys alleges as follows:

## PARTIES

1. Pep Boys is a Philadelphia corporation with its principal place of business located in Philadelphia, PA.

2. Upon information and belief based solely on paragraph 1 of the Complaint as pled, CTP is a limited liability company organized and existing under the laws of the State of Nevada and maintains its principal place of business at 356 Greenwood Court, Villanova, Pennsylvania 19085.

## JURISDICTION

3. Pep Boys incorporates by reference paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. CTP has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I: DECLARATION OF NON-INFRINGEMENT OF THE ’846 PATENT

7. Pep Boys incorporates by reference paragraphs 1-6 above.

8. Based on the filing of this action and at least Pep Boys’s first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Pep Boys infringes U.S. Patent Nos. 8,712,846 (“the ’846 Patent”) and 8,396,743 (“the ’743 Patent”) collectively (the “Asserted Patents”).

9. Pep Boys does not infringe Claims 1, 3, and 4 of the ’846 Patent because, inter alia, the accused system does not: (1) “receiv[e] product data for a plurality of products from a plurality of distributors for the products via a communications network,” (2) “receiv[e] customer data from a plurality of customers, the customer data comprising location information associated with customers, the location information derived from an IP address associated with one or more of the customers,” (3) “generat[e], at least in part from the customer data, user-specific product offerings from the plurality of products; and,” and/or (4) “send[], by a computer, automated messages comprising the user-specific product offerings to the one or more of the customers,” wherein the

"product data" comprises "product description, quantity available, and price for each of the products for each of the distributors," and/or the "customer data" comprises "IP (Internet Protocol) address, IP host name, customer name, billing address, email address, and purchase patterns."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Pep Boys requests a declaration by the Court that Pep Boys has not infringed and does not infringe any claim of the '846 Patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**COUNT II: DECLARATION OF NON-INFRINGEMENT OF THE '743 PATENT**

11. Pep Boys incorporates by reference paragraphs 1-10 above.

12. Based on the filing of this action and at least Pep Boys's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Pep Boys infringes U.S. Patent Nos. 8,712,846 ("the '846 Patent") and 8,396,743 ("the '743 Patent") collectively (the "Asserted Patents").

13. Pep Boys does not infringe Claims 1 and 4 of the '743 Patent because, inter alia, the accused system does not: (1) "receiv[e] product data for a plurality of products from a plurality of distributors for the products via a communications network," (2) "receiv[e] customer data from a plurality of customers, the customer data comprising location information associated with customers, the customer location information derived from an IP address associated with the customer," (3) "generat[e], at least in part from the personal information concerning a customer location, at least one user-specific product offering from the plurality of products; and," and/or (4) "send[], by a computer, automated messages comprising the at least one user-specific product offering to the one or more customers.," wherein the "customer data" comprises an "IP (Internet

Protocol) address, IP host name, customer name, billing address, email address and purchase patterns."

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Pep Boys requests a declaration by the Court that Pep Boys has not infringed and does not infringe any claim of the '743 Patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**COUNT III: DECLARATION OF INVALIDITY OF THE '846 PATENT**

15. Pep Boys incorporates by reference paragraphs 1-14 above.

16. Based on the filing of this action and at least Pep Boys's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '846 Patent.

17. The claims of the '846 Patent are anticipated and/or rendered obvious by, inter alia, U.S. Patent Nos. 6,837,436, 8,825,872, and/or 8,315,915.

18. At least claim 1 of the '846 Patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 112 because the specification as filed does not contain adequate written description and/or enabling disclosure for at least the limitations "communications network," and "location information." Accordingly, the specification fails to reasonably convey to a POSITA that the inventor had possession of the subject matter of the alleged invention, and it fails to enable a POSITA to make and use the alleged invention as claimed.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Pep Boys requests a declaration by the Court that claims of the '846 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without

limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT IV: DECLARATION OF INVALIDITY OF THE '743 PATENT

20. Pep Boys incorporates by reference paragraphs 1-19 above.

21. Based on the filing of this action and at least Pep Boys's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '743 Patent.

22. The claims of the '743 Patent are anticipated and/or rendered obvious by, inter alia, U.S. Patent Nos. 6,837,436, 8,825,872, and/or 8,315,915.

23. At least claim 1 of the '743 Patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 112 because the specification as filed does not contain adequate written description and/or enabling disclosure for at least the limitations "communications network," and "location information." Accordingly, the specification fails to reasonably convey to a POSITA that the inventor had possession of the subject matter of the alleged invention, and it fails to enable a POSITA to make and use the alleged invention as claimed.

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Pep Boys requests a declaration by the Court that claims of the '743 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Pep Boys asks this Court to enter judgment in Pep Boys's favor and against CTP by granting the following relief:

a) a declaration that the Asserted Patents are invalid;

b) a declaration that Pep Boys does not infringe, under any theory, any valid claim of the Asserted Patents that may be enforceable;

c) a declaration that CTP take nothing by its Complaint;

d) judgment against CTP and in favor of Pep Boys;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Pep Boys of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Pep Boys requests a trial by jury on all issues triable of right by a jury.

Dated: December 17, 2020

Respectfully Submitted,

*/s/ Victor Johnson*

**Victor C. Johnson**
Texas Bar No. 24029640
vjohnson@dykema.com
DYKEMA GOSSETT PLLC
1717 Main Street, Suite 4200
Dallas, Texas 75201
214-462-6400 telephone
214-462-6401 fax

**ATTORNEYS FOR DEFENDANT THE PEP BOYS – MANNY MOE & JACK, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of December, 2020, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system.

*/s/ Victor Johnson*
Victor C. Johnson

4818-6295-3940.2