**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| CONSOLIDATED TRANSACTION PROCESSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PEP BOYS - MANNY MOE & JACK, INC.,<br><br>Defendant. | **Civil Action No. 4:20-cv-00413-ALM**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff/Counterclaim Defendant Consolidated Transaction Processing LLC ("CTP"), by its undersigned counsel, for its Answer to the Counterclaims to Plaintiff's Complaint for Patent Infringement by Defendant/Counterclaim Plaintiff The Pep Boys – Manny Moe & Jack, Inc., states as follows:

**GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b)(3), Plaintiff/Counterclaim Defendant denies all allegations in Defendant/Counterclaim Plaintiff's Counterclaims except those specifically admitted below:

**PARTIES**

1. Plaintiff/Counterclaim admits that Defendant/Counterclaim Plaintiff has represented in its Counterclaims that it is a Philadelphia corporation with its principal place of business located in Philadelphia, PA.

2. Admitted.

## JURISDICTION

3. Plaintiff realleges and incorporates by reference the responses of paragraphs 1-2 of this Answer as though fully set forth herein.

4. Plaintiff admits that jurisdiction is proper under at least 28 U.S.C. §§ 1331 and 1338. CTP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of this paragraph and, on that basis, denies such allegations.

5. Plaintiff admits the allegations in Paragraph 5 of the Counterclaims.

6. Plaintiff admits that venue is proper pursuant to at least 28 U.S.C. §§ 1391 and 1400. CTP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of this paragraph and, on that basis, denies such allegations.

## COUNT I:
## "DECLARATION OF NON-INFRINGEMENT OF THE '846 PATENT"

7. Plaintiff realleges and incorporates by reference the responses of paragraphs 1-6 of this Answer as though fully set forth herein.

8. Denied.

9. Denied.

10. Denied.

## COUNT II:
## "DECLARATION OF NON-INFRINGEMENT OF THE '743 PATENT"

11. Plaintiff realleges and incorporates by reference the responses of paragraphs 1-10 of this Answer as though fully set forth herein.

12. Denied.

13. Denied.

14. Denied.

**COUNT III:**
**"DECLARATION OF INVALIDITY OF THE '846 PATENT"**

15. Plaintiff realleges and incorporates by reference the responses of paragraphs 1-14 of this Answer as though fully set forth herein.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

**COUNT IV:**
**"DECLARATION OF INVALIDITY OF THE '743 PATENT"**

20. Plaintiff realleges and incorporates by reference the responses of paragraphs 1-19 of this Answer as though fully set forth herein.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

**RELIEF REQUESTED**

Plaintiff denies any and all remaining allegations not specifically admitted and denies that Defendant is entitled to the relief requested in the Counterclaims or to any other relief. To the extent that any statement in Defendant's PRAYER FOR RELIEF is considered to contain factual allegations that require a response, Plaintiff denies each and every such allegation. Plaintiff denies each and every allegation of non-infringement and invalidity as alleged in Defendant's Counterclaims.

## DEMAND FOR A JURY TRIAL

This paragraph does not require a response from Plaintiff. To the extent that a response is required, Plaintiff admits that Defendant purports to demand a jury on all issues triable of right by a jury.

## AFFIRMATIVE DEFENSES

In response to Defendant's Counterclaims, Plaintiff asserts the following affirmative defenses. Plaintiff reserves the right to assert additional affirmative defenses as they become known through discovery.

## FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff reserves the right to assert any other legal or equitable defenses to which it is entitled.

Accordingly, Defendant's Counterclaims should be dismissed and, instead, Plaintiff is entitled to the relief requested in its Complaint asserted against Defendant for infringement of the '846 and '743 patents, which is incorporated herein by reference.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment for Plaintiff and against Defendant as follows:

A. a judgment denying Defendant any and all of its requested relief and any relief whatsoever and dismissing Defendant's Counterclaims in their entirety with prejudice;

B. a judgment in favor of Plaintiff that Defendant has infringed, literally or under the doctrine of equivalents, one or more claims of the ’846 patent;

C. a judgment in favor of Plaintiff that Defendant has infringed, literally or under the doctrine of equivalents, one or more claims of the ’743 patent;

D. a judgment that each and every claim of the ’846 patent is not invalid;

E. a judgment that each and every claim of the ’743 patent is not invalid;

F. an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant’s past infringement of the ’846 and ’743 patents, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

G. a judgment that this case is exceptional and that Plaintiff is entitled to recovery of its costs of suit, including reasonable attorney’s fees; and

H. For such further relief in law and in equity as the Court may deem just and proper.

Dated: January 7, 2021

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
tdevlin@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff Consolidated Transaction Processing LLC*